**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| *In re* § | | |
| § | | |
| ZG GATHERING, LTD., § | | |
| § | | |
| *Debtor* § | | |
| § | | |
| BETTY LOU SHEERIN, § | | |
| § | | |
| *Appellant*, § | | |
| § | | |
| v. § | Civil Action No. SA-09-CV-772-XR | |
| § | | |
| NORTHERN NATURAL GAS COMPANY, § | | |
| § | | |
| *Appellee.* § | | |

**ORDER**

On this date, the Court considered Appellant Betty Lou Sheerin's appeal from an order of the bankruptcy court that granted Appellee Northern Natural Gas Company's motion for an extension of time to file an appeal. After considering the record, applicable law, and the arguments of counsel, the order of the bankruptcy court is AFFIRMED.

**Background**

This is an appeal from an order of the Bankruptcy Court of the Western District of Texas, San Antonio Division, entered on July 28, 2009, in *In re ZG Gathering, Ltd.*, No. 07-53161-RBK-11. On June 11, 2009, the bankruptcy court considered Appellee Northern Natural Gas Company's ("Northern") "Motion for Rehearing or New Trial as to Allocation Rights of Betty Lou Sheerin and Regarding the Res Judicata Effect of McDay's Confirmed Plan of Reorganization and Motion for Determination of Contested Matter Under Rule 9014 as to Pre-Confirmation Defenses of Betty Lou Sheerin and Alternatively, Application for Declaratory Judgment." The bankruptcy court denied the

motion and entered its order on the same day.

Northern needed to file an appeal of that order no later than June 21, 2001, since the bankruptcy court entered the order on June 11, 2009.[1] Rule 8002(c) of the Federal Rules of Bankruptcy Procedure permits a party to request an extension of time for filing a notice of appeal within twenty (20) days upon a showing of excusable neglect. FED. R. BANKR. P. 8002(c)(2). On June 26, 2009, within twenty days of the bankruptcy court's order, Northern filed a motion to extend the time for filing an appeal. The bankruptcy court granted Northern's motion on July 28, 2009.

**Appeal**

Appellant Betty Lou Sheerin ("Sheerin") is appealing the July 28, 2009, order of the bankruptcy court that granted Northern's motion for an extension of time for excusable neglect. Sheerin asks the Court to find that the Bankruptcy Judge erred as a matter of law or abused his discretion by granting Northern's motion and that Northern failed to show "excusable neglect" as required by Rule 8002(c)(2) of the Federal Rules of Bankruptcy Procedure.

**Legal Standard**

This Court "acts in an appellate capacity" in reviewing the findings and orders of the bankruptcy court. *In re Perry*, 345 F.3d 303, 308 (5th Cir. 2003) (citing *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)); *see also* 28 U.S.C. § 158(a). A ruling on a motion for an extension of time is reviewed under an abuse of discretion standard. *Midwest Employers Cas. Co. v. Williams*, 161

---

[1] Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires that a notice of appeal shall be filed with the clerk within ten (10) days of the entry of the order. FED. R. BANKR. P. 8002(a). Rule 9006 reads: "When the period is stated in days or a longer unit of time: . . . count every day, including intermediate Saturdays, Sunday, and legal holidays . . . ." FED. R. BANKR. P. 9006(a)(1)(B). This case is governed by the deadlines as established in the Federal Rules of Bankruptcy Procedure prior to the amendments effective on December 1, 2009.

2

F.3d 877, 879 (5th Cir. 1998). "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *In re First City Bancorporation of Tex., Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)). A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Barron*, 325 F.3d 690, 692 (5th Cir. 2003). The bankruptcy court's factual findings, however, are reviewed for "clear error," meaning that the "bankruptcy court's factual findings must be upheld unless, considering all the evidence, this court forms 'a definite and firm conviction that a mistake has been made.'" *In re Coppola*, 419 F.3d 323, 326 (5th Cir. 2005) (quoting *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993)).

**Analysis**

The issue before the Court is whether the bankruptcy court abused its discretion by granting Appellee's motion to extend the time to appeal. Under Rule 8002(c)(2), "a motion [to extend the time to file an appeal] filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." FED. R. BANKR. P. 8002(c)(2). A court's determination of "excusable neglect" is:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395,113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Christopher v. Diamond Benefits Life Ins. Co. (In re Christopher)*, 35

F.3d 232, 236 (5th Cir. 1994) (per curiam).² "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' is a somewhat 'elastic concept' . . . ." *Pioneer*, 507 U.S. at 392.

Sheerin notes that Northern's counsel "does not deny the failure to read the clerk's notice of order entry, the court's electronic docket, and the applicable appellate rule of procedure." (Appellant's Br. 6 (Oct. 9, 2009) [Docket Entry No. 4].) She contends that the neglect in this case is not excusable. In Sheerin's brief, she argues that Northern did not provide the bankruptcy court with any persuasive justification for counsel's failure to timely perfect its appeal and that this situation was absent any ambiguity of the rules. Northern states that it addressed the factors outlined in *Pioneer* and other factors in its motion to the bankruptcy court to warrant the court's decision. (Appellee's Brief 4 (Oct. 26, 2009) [Docket Entry No. 5].) Northern argues that the court's decision is based in equity and states that while Sheerin's counsel had no duty to inform opposing counsel of deadlines, an electronic mail exchange between the parties would have avoided the missed deadline. (*Id.* at 5.)

Here, the bankruptcy court's order states that the court "considered Northern's Motion, the Response of Betty Lou Sheerin, and all the related pleadings on file." Order, *In re ZG Gathering Ltd.*, No. 04-53161-RBK (July 27, 2009). The Court further declares "that there is excusable neglect in Northern's failure to timely file a notice of appeal . . . ." *Id.* Northern's motion for an extension of time outlines and discusses briefly the four factors discussed in *Pioneer*. The bankruptcy court,

---

²The Fifth Circuit has found that the Supreme Court's application of excusable neglect in *Pioneer*, which involved Bankruptcy Rule 9006(b)(1), applies to appeals from the bankruptcy court. *Christopher v. Diamond Benefits Life Ins. Co. (In re Christopher)*, 35 F.3d 232, 236 (5th Cir. 1994) (per curiam) (applying standard of excusable neglect in *Pioneer* to case involving Bankruptcy Rule 8002(c)).

applying the correct legal standards, found Northern's failure to file timely resulted from excusable neglect.

Appellant attempts to characterize the Northern's actions as being barred from constituting excusable neglect as a matter of law. However, as the Supreme Court in *Pioneer* noted, that "inadvertence, ignorance of the rules, or mistakes construing the rules *do not usually* constitute 'excusable neglect' . . . ." *Pioneer*, 507 U.S. at 392 (emphasis added). While courts may be reluctant to excuse this type of action, a court may consider this neglect excusable upon considering "all relevant circumstances surrounding the party's omission." *See id.* at 395.

Aside from the four general factors outlined in *Pioneer*, in its motion for an extension of time, Northern noted that Northern's counsel contacted Sheerin's counsel regarding what he believed to be a proposed order being drafted for submission to the court on June 17, 2009; prior to the June 21, 2009, deadline to file a notice of appeal. Sheerin's counsel reviewed that electronic mail communication on June 20, 2009, but did not respond. While, ultimately, the responsibility lies with Northern's counsel, the bankruptcy court was presented with a situation for its consideration in its discretion to grant Northern's motion. Moreover, Sheerin failed to dispute Northern's contentions that there is no prejudice to the debtor nor did Sheerin explain how the *Pioneer* factors weighed against Northern.

Ultimately, the decision of a bankruptcy court to find excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. The bankruptcy court's ruling is based on a correct view of the law. Even if courts are reluctant to find the actions of an attorney who fails to meet a deadline constitute excusable neglect when notice is provided, the bankruptcy court's finding of excusable neglect is not clear error. The

Court is within its discretion, under principles of equity and considering all the relevant factors, to have concluded that Northern's failure to meet the deadline constituted excusable neglect. After reviewing the evidence in the record, this Court does not form a definite and firm conviction that a mistake has been made.

## Conclusion

Having considered the parties' briefs and the record, the decision of the bankruptcy court to grant appellee's motion for an extension of time to file its notice of appeal is hereby AFFIRMED. The Court declines Appellant's request for an oral hearing as the parties have fully briefed this issue.

It is so ORDERED.

SIGNED this 14th day of December, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE